IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                                 No. CIV S-09-1227 JAM GGH

vs.

FRANCISCO JAVIER FERREYRA, et al.,      ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS

    Defendant.
_____/

        Presently before the court is plaintiff's application for entry of default judgment against defendant Ferreyra, d/b/a Brick House a/k/a Restaurant & Night Club Premier, filed February 10, 2010.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

BACKGROUND

        On May 4, 2009, plaintiff filed the underlying complaint in this action against defendant Ferreyra, alleging defendant unlawfully intercepted and exhibited a broadcast of a program featuring a middleweight championship fight between Oscar de la Hoya and Floyd Mayweather, Jr. ("Program") in his establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553, and state law. The complaint alleges

---

[1] The matter was originally scheduled for hearing on March 25, 2010; however, it was vacated after the court determined that a hearing was not necessary. Order, filed March 19, 2010.

defendant exhibited the Program on May 5, 2007. The summons and complaint were served on defendant Ferreyra by substituted service on September 1, 2009. Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Ferreyra has failed to file an answer or otherwise appear in this action. The clerk entered default against defendant Ferreyra on January 6, 2010.

Request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Ferreyra at his last known address. Defendant Ferreyra did not file an opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $114,200 against defendant Ferreyra.

<u>DISCUSSION</u>

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state claims for which relief can be granted. <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).

The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605 *et seq.* (The Communications Act) and 47 U.S.C. § 553, *et seq.* (The Cable Communications Policy Act), as well as compensatory and punitive damages for conversion, and restitution for violation of Cal. Bus. & Prof. Code § 17200, *et seq.* (Complaint at 5-6, 9-10.) The instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605 in the amount of $10,000 in statutory damages, $100,000 in enhanced statutory damages for having pirated commercial signals in the past, and $4,200 in compensatory damages for conversion.[2] Section 605 prohibits the unauthorized publication or use of communications such as the

---

[2] Because plaintiff has eliminated his request for damages under § 553 and for restitution under state law, these damages will not be addressed.

Program.  Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a).  National Subscription Television v. S&H TV, 644 F.2d 820, 821 n. 1 (9th Cir. 1981).

        The court deems defaulting defendant, by his failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion.  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

        One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake.  See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

        Under section 605, statutory damages may be awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation "was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(i)-(ii).  Plaintiff has referenced five other actions in the Eastern District against this defendant for the same violations.  (Riley Supp. Decl., ¶ 4, Exs. 1-5, dkt. #13-5.)  See Entertainment By J & J Inc. v. Ferreyra, Civ.S. 02-1526 DFL JFM; J & J Sports Productions, Inc. v. Ferreyra, Civ.S. 08-0128 LKK KJM; Joe Hand Promotions, Inc. v. Ferreyra, Civ.S. 08-1800 LKK KJM; J & J Sports Productions, Inc. v. Ferreyra, Civ.S. 08-2171 WBS KJM; J & J Sports Productions, Inc. v. Ferreyra, Civ. S. 09-1572 MCE DAD.  Based on these previous filings, defendant not only has been on notice that pirating a commercial signal is unlawful, but has wilfully refused to terminate his illegal activities.  This court therefore will recommend statutory damages under section 605 in the amount of $10,000 and enhanced statutory damages in the amount of $100,000.  Inasmuch as the award of $110,000 in statutory damages will be permitted, plaintiff's request for damages for conversion should be denied.

        Insofar as the application for default judgment seeks attorneys' fees and costs but

the memorandum in support does not contain argument in support of this request, and there is no declaration supporting this request, it is denied without prejudice to its renewal at a later time.

CONCLUSION

IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of service of the instant motion.

In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment, (dkt. # 13), be GRANTED in part.  Judgment should be rendered in the amount of $10,000 in statutory damages and $100,000 in enhanced statutory damages for a total award of $110,000.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/J&JSports1227.def.wpd

4